IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY MOORE,

    Petitioner,   No. 2:12-cv-1707 TLN JFM (HC)

  vs.

ANTHONY HEDGEPETH,

    Respondent.   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Before the court are two motions:  petitioner's motion for default judgement filed on December 10, 2012 (ECF No. 12); and respondent's motion to dismiss filed on November 13, 2012 (ECF No. 10).

**Petitioner's Motion for Default Judgment**

    On December 10, 2012, petitioner filed a motion to grant his habeas petition based on respondent's alleged failure to file a response to the amended petition.  ECF No. 12.  It appears from the motion petitioner seeks entry of default judgment based solely on respondent's alleged late filing.

/////

1

However, on September 12, 2012, the court directed respondent to file a responsive pleading within sixty days from the date of that order. (ECF No. 4.) On November 13, 2012, respondent timely filed a motion to dismiss pursuant to the court's September 12, 2012, order. (ECF No. 10.) Therefore, petitioner's motion is without merit. Moreover, the failure of respondent to file a timely response to the claims in a habeas corpus petition does not entitle petitioner to default judgment. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle the petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984) (failure of state attorney general to comply with court's order to respond not a justification for entering default judgment in favor of petitioner).

For all of these reasons, petitioner's motion for default judgment should be denied.

**Respondent's Motion to Dismiss**

On September 12, 2012, respondent filed a motion to dismiss, asserting that petitioner is barred by the applicable one-year statute of limitations set by 28 U.S.C. § 2244(d)(1). (ECF No. 10.)

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no

3

case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

The following facts are relevant to the statute of limitations analysis in this habeas action:

1. On June 25, 2009, prison officials issued a prison rules violation report charging petitioner with battery on an inmate with a weapon. At petitioner's disciplinary hearing, prison officials found him guilty of that charge. Petitioner challenged that guilty finding through the administrative appeals process. On May 7, 2010, petitioner's final appeal of the disciplinary conviction was denied at the director's level of review.[1]

2. Applying the mailbox rule,[2] on July 28, 2010, petitioner filed a petition for writ of habeas corpus challenging his prison disciplinary conviction in the Sacramento County Superior Court. On September 27, 2010, the Sacramento County Superior Court denied that petition for habeas relief.

3. On January 5, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. On January 14, 2011, the California Court of Appeal denied that petition.

4. On April 4, 2011, petitioner submitted a petition for writ of habeas corpus to the California Supreme Court. On September 21, 2011, the California Supreme Court denied that petition.

---

[1] The court notes respondent provides May 7, 2010, as the date petitioner's final appeal was denied. This date does not appear to be reflected in the record. However, this date is not dispositive to the court's analysis.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

5. On June 22, 2012, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

In this case, petitioner waited eighty-one days before filing his first habeas petition in state court challenging his prison disciplinary conviction. The limitation period is not tolled during this time because it was prior to petitioner's filing of his first state collateral challenge to his disciplinary conviction on thus no case was pending during this period. See Nino, 183 F.3d at 1006. Petitioner waited another two hundred and seventy-five days after the California Supreme Court denied his habeas petition before filing the instant federal habeas action. This last period of time is also not subject to tolling because it followed petitioner's completion of one full round of collateral review in the state courts. See Carey, 536 U.S. at 222-24.

Petitioner waited one hundred days between the Sacramento County Superior Court's denial of his petition and filing his habeas petition in the California Court of Appeal.[3] Respondent contends that petitioner does not enjoy the benefit of statutory tolling with respect to this period of time because it is of unreasonable length. Petitioner counters that the one hundred days of delay between his state habeas petitions is not unreasonable because he is a layman, has limited access to legal materials, and is subject to confinement due to lockdowns at his institution of confinement.

As a matter of statutory tolling, this court is compelled to find that petitioner's one hundred day delay between the Sacramento County Superior Court's denial of his habeas petition and his filing of his next habeas petition in the California Court of Appeal was unreasonable. See Carey v. Saffold, 536 U.S. 214, 222-24 (2002) (holding that a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between

---

[3] Because the court reaches its recommendation based on an analysis of the reasonableness of the one hundred day delay, it does not reach a recommendation regarding the reasonableness of petitioner's eighty day delay between the California Court of Appeal's decision and his filing a petition with the California Supreme Court.

the filing of those petitions are "reasonable"). Indeed, statutory tolling has been rejected in cases involving similar, or even shorter, lengths of time between the denial of one state petition and the filing of the next state petition. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (delay of six months was unreasonable under California law); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (delay of 91 days between first petition and the date second petition filed in court of appeal unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1047-48 (9th Cir. 2010) (gaps of 115 days and 100 days rendered California state habeas petitions untimely). As a result, petitioner is not entitled to statutory tolling for this 100-day period of time in this case.

To the extent plaintiff may be seeking equitable tolling of the statute of limitations, his arguments are unpersuasive. Lockdowns warrant equitable tolling only where the lockdown period is substantial and where, during that period, the prisoner is denied access to materials the prisoner needs to file a petition, despite diligent efforts to obtain those materials. See Espinoza–Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) ("For nearly 11 months, despite his diligence, [petitioner] could not obtain his legal papers."). Deprivation of legal materials can be a type of external impediment warranting equitable tolling, see Lott v. Mueller, 304 F.3d 918, 924–25 (9th Cir. 2002), but petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition ... late." Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, petitioner has failed to present evidence sufficient to establish that he was in fact confined due to lockdowns at his institution of confinement during this period of time, or that this confinement deprived him of access to the law library and other means needed to meaningfully litigate his claim. See Waldron–Ramsey, 556 F.3d at 1013–14 (denying equitable tolling based on lack of access to documents because "[the petitioner] d[id] not point to specific instances where he needed a particular document, could not have kept that document within his

permitted three boxes had he been cooperative, and could not have procured that particular document when needed.").

As noted above, eighty-one days of the limitation period for seeking federal habeas relief had expired before petitioner filed his first state habeas corpus petition on July 28, 2010. The limitation period was tolled until September 27, 2010, when the Sacramento County Superior Court denied petitioner's first state habeas petition. The limitation period then ran for another one hundred days, until January 5, 2011, when petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. Even assuming arguendo that the limitation period was tolled until September 21, 2011, when the California Supreme Court denied petitioner's third and final habeas petition, only one hundred eighty-four days remained in the limitation period at that point. Petitioner did not file the instant action until June 22, 2012, two hundred and seventy-five days later. This action is therefore time-barred and should be dismissed as untimely filed.

**Conclusion**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's December 10, 2012, motion for default judgment (ECF No. 12) be denied;

2. Respondent's November 13, 2012, motion to dismiss (ECF No. 10) be granted; and

3. This case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file

1 objections within the specified time may waive the right to appeal the District Court's order.
2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 1, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

9 moor1707.def.mtd